UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN WILKIE,

    Plaintiff,

v.                        CASE NO.:

FLORIDA FINANCIAL AND
INSURANCE GROUP, LLC

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Susan Wilkie ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Florida Financial and Insurance Group, LLC ("Defendant"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and overtime, as well as failure to pay minimum wage under Art. X, § 24 of the Florida Constitution minimum wage provisions.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Charlotte County, Florida.

## PARTIES

4. Defendant operates an insurance firm in Port Charlotte, in Charlotte County, Florida.

5. Defendant is a Florida corporation.

6. Plaintiff worked for Defendant as an Insurance Agent/Community Representative at Defendant's location in Port Charlotte.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived, including by sending Defendant a pre-suit demand notice as mandated by Fla. State. 448.110 (6)(a).

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

9. As part of her regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, Plaintiff utilized telephones for interstate calls and credit cards in order to sell insurance policies for United Healthcare and Aetna, among others.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

14. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

16. Plaintiff has satisfied all conditions precedent, or they have been waived.

17. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

18. Plaintiff requests a jury trial for all issues so triable.

## FACTS

19. Plaintiff worked for Defendant from September 2020 to January 21, 2021 as an Insurance Agent/Community Representative.

20. Defendant intentionally misclassified Plaintiff as an independent contractor.

21. However, Defendant required Plaintiff to come to Defendant's office and perform work such as working the front desk to greet customers, filing of

3

paperwork, watch seminars, clean the office, and perform errands related to the upkeep of the office.

22. Defendant controlled the hours Plaintiff worked and threatened to fire her if she was late in arriving at the office or failed to come in to the office to work.

23. Defendant required Plaintiff to work in Defendant's office approximately 40 hours per week.

24. Defendant also required Plaintiff to operate a kiosk at Walgreens as a Community Representative for several hours on approximately four days per week for 20 hours each week. Defendant controlled which Walgreens Plaintiff was to operate from for each day.

25. When Plaintiff was engaged in selling insurance, it was from Defendant's office utilizing Defendant's phones, desks, computers, and printers.

26. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and she was not paid a minimum wage for all of the hours that she worked.

27. By not paying Plaintiff, Defendant failed to pay Plaintiff a minimum wage.

28. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times regular hourly rate.

29. Defendant failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

30. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION**

31. Plaintiff realleges and readopts the allegations of paragraphs 1-6 and 8-30 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

35. Plaintiff realleges and readopts the allegations of paragraphs 1-6 and 8-30 of this Complaint, as though fully set forth herein.

36. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

38. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c)    An amount equal to Plaintiff's overtime damages as liquidated damages;

  d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

  e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

  f) All costs and attorney's fees incurred in prosecuting these claims; and

  g) For such further relief as this Court deems just and equitable.

## COUNT III – VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

39. Plaintiff realleges and readopts the allegations of paragraphs 1-7 and 16-30 of this Complaint, as though fully set forth herein.

40. Plaintiff was entitled to be paid at least the Florida minimum wage for each hour worked during her employment with Defendant.

41. Specifically, Plaintiff was not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

42. Defendant willfully failed to pay Plaintiff the required minimum wages for one or more weeks during her employment contrary to Article X, Section 24 of the Florida Constitution.

43. Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Article X, Section 24 of the Florida Constitution.

44. Specifically, on March 12, 2021, Plaintiff served Defendant with a Notice pursuant to Fla. Stats. § 448.110.

45. More than 15 days have elapsed since Plaintiff's service of her Notice on Defendant, and Defendant has failed to make payment to Plaintiff.

46. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

47. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

**WHEREFORE**, Plaintiff prays for relief as follows:

    a. All unpaid wage and overtime compensation due under Article X, Section 24 of the Florida Constitution;

    b. An equal amount of all owed wages as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

    c. Awarding actual damages;

    d. Awarding reasonable attorneys' fees and costs;

    e. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of November, 2021.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**